IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JESSICA McKINNEY, as next friend
and legal guardian of K.P., a minor                                                          PLAINTIFF

v.                              CASE NO. 5:18-cv-5067-TLB

HUNTSVILLE SCHOOL DISTRICT, and
ROXANNE ENIX in her individual capacity
as Principal of HUNTSVILLE HIGH SCHOOL
and JOHN DOES 1-10 in their individual capacities                              DEFENDANTS

## ANSWER

COME NOW the Defendants, Huntsville School District, and Roxanne Enix, in her individual capacity as Principal of Huntsville High School, and John Does 1-10, in their individual capacities, and without waiving any of the defenses raised in their Motion to Dismiss (Docket No. 10), for their Answer to the Complaint ("the Complaint") filed by the Plaintiff, Jessica McKinney, as next friend and legal guardian of K.P., a minor, state as follows:

1. The Defendants deny each and every material allegation contained in the Complaint except as specifically admitted herein.

2. The Defendants deny the allegations contained in Paragraph 1 of the Complaint.

3. The Defendants admit the allegations contained in Paragraphs 2, 3, 4 and 5 of the Complaint.

4. The Defendants deny the allegations contained in Paragraph 6 of the Complaint.

5. The Defendants deny the allegations contained in Paragraph 7 of the Complaint, except to state that there are seven board members, whose names and positions are clearly stated on

the website of the Huntsville School District. Furthermore, only five board members participated in the decision to expel K.P.

6. The Defendants are without sufficient information as to the allegations contained in Paragraphs 8, 9, 10, and 11 of the Complaint and, therefore, deny those allegations.

7. The Defendants deny the allegations contained in Paragraph 12 of the Complaint to the extend they imply the photograph of K.P. was simple or artistic.

8. The Defendants deny the allegations contained in Paragraph 13 of the Complaint to the extend they imply the actions of K.P. did not "inject a school shooting motif."

9. The Defendants admit that the posts were deleted as alleged in Paragraph 14, but aver that by that time the message had been received by enough people to have caused the disruption that K.P. should have expected would have been caused by the posting of such a picture.

10. The Defendants admit that the Instagram post was brought to the attention of school officials, but are without sufficient information as to the remaining allegations contained in Paragraph 15 of the Complaint and, therefore, deny those allegations.

11. The Defendants are without sufficient information as to the allegations contained in Paragraph 16 of the Complaint and, therefore, deny those allegations.

12. The Defendants are without sufficient information as to the allegations contained in Paragraph 17 of the Complaint and, therefore, deny those allegations.

13. The Defendants deny the allegations contained in Paragraph 18 of the Ccmplaint.

14. The Defendants admit the allegations contained in Paragraph 19 of the Complaint.

15. The Defendants admit the allegations contained in Paragraph 20 of the Complaint.

16. The Defendants deny the allegations contained in Paragraph 21 of the Complaint.

17. The Defendants admit the allegations contained in Paragraph 22 of the Complaint.

18. The Defendants admit the allegations contained in Paragraph 23 of the Complaint.

19. The Defendants admit the allegations contained in Paragraph 24 of the Complaint.

20. The Defendants admit the allegations contained in Paragraph 25 of the Complaint, but state affirmatively that K.P.'s intent is not determinative of the issues.

21. The Defendants admit the allegations contained in Paragraph 26 of the Complaint.

22. The Defendants deny the allegations contained in Paragraph 27 of the Complaint.

23. Regarding Paragraph 28 of the Complaint, the Defendants restate and incorporate all responses to the allegations of the previous paragraphs.

24. The Defendants deny the allegations contained in Paragraphs 29-38 of the Complaint.

25. As to the allegations contained Paragraphs 39-54, the Defendants answer by denying them and by incorporating all defenses raised in their Motion to Dismiss Counts III, IV, V, and VI of the Complaint (Docket No. 10), and for reasons stated in their said Motion to Dismiss, ask all of those counts be dismissed.

26. As to the "Wherefore" and its various subparts, the Defendants deny that the Plaintiff is entitled to any of the relief sought therein.

27. The Defendants incorporate all the defenses raised in their Response to the Plaintiff's Motion for Preliminary Injunction (Docket No. 12).

WHEREFORE, the Defendants pray that the Plaintiff's Complaint be dismissed, that the Plaintiff's Motion for Preliminary Injunction be denied, for their costs and attorney's fees, and for such other and further relief to which the Defendants may prove themselves entitled.

        Respectfully submitted,

        HUNTSVILLE SCHOOL DISTRICT, *et al.*, Defendants

        CROUCH, HARWELL, FRYAR & FERNER, PLLC
        Their Attorneys
        111 Holcomb Street
        P.O. Box 1400
        Springdale, AR 72765-1400
        479-751-5222 Telephone
        479-751-5777 Facsimile
        charwell@nwa.law
        mfryar@nwa.law

          /s/ Charles L. Harwell
        Charles L. Harwell, ABA #82074

          /s/ Matthew L. Fryar
        Matthew L. Fryar, ABA #09121

## **CERTIFICATE OF SERVICE**

      I certify that on this day, I electronically filed with the Clerk of the Court the foregoing using the CM/ECF system, which shall send notification of such filing to the following:

Monzer Mansour
70 College Ave., Ste. 10
Fayetteville, AR 72701
monzerlaw@gmail.com

W. Whitfield Hyman
King Law Group
300 N. 6th Street
Fort Smith, AR 72901
hyman@arkansaslawking.com

Dated this 17th day of May, 2018.

    /s/ Matthew L. Fryar