IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JESSICA McKINNEY,
as next friend and legal guardian of
K.P., a minor                                                              PLAINTIFFS

v.                              CASE NO. 5:18-CV-5067

HUNTSVILLE SCHOOL DISTRICT,
and ROXANNE ENIX in her individual capacity
as Principal of HUNTSVILLE HIGH SCHOOL
and JOHN DOES 1-10 in their individual capacities                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently pending before the Court are a Motion to Dismiss (Doc. 10) and Brief in Support (Doc. 11) filed by Defendants Huntsville School District, Roxanne Enix, and John Does 1–10 (Huntsville School Board members). Plaintiff Jessica McKinney, as next friend and legal guardian of K.P., has submitted a Response in Opposition to the Motion to Dismiss (Doc. 17). The Court heard oral argument on the Motion during a hearing held on July 19, 2018, at which time it **GRANTED** Defendants' Motion from the bench. This Opinion and Order memorializes that ruling. To the extent anything written here differs from the Court's pronouncements from the bench, this Opinion and Order controls.

### I. BACKGROUND

On Saturday evening, February 24, 2018, K.P., a student at Huntsville High School, posted to social media a photograph of himself wearing a trench coat and beanie while posing with an assault rifle. The photograph did not include a caption. The next morning, after reading several comments mentioning school shootings, K.P. removed the photo and posted a second photograph of himself in the same clothing without the assault rifle. This time, however, he included a caption that read, at least in part, "If I wanted to

make an impact I would choose a much more high profile crowd th[a]n a bunch of hicks and jocks who are never going to be anything of particular value." (Doc. 6, p. 13). In the interim, other students from the school viewed the photo and commented on it, and school officials were notified. Over the next several days, concerned parents, students, and teachers contacted the school, requesting to know how the school was going to handle the perceived threat and whether it was safe to come to work or to bring a pupil to the school.

In response to these events, K.P. was initially suspended for ten days. Subsequently, the School Board expelled him for 365 days. As part of this year-long expulsion, K.P. will be allowed to take the classes necessary for graduation through an online program called A+, provided to him by the District. This will ensure that he remains eligible to graduate on-time, and any credits that he earns from the program will appear on his transcript and will not note that they were earned through this program while he was expelled.

Plaintiff's Complaint contends that Defendant Huntsville School District ("District") violated K.P.'s free speech (Count I), procedural due process (Count II), and substantive due process rights (Count III). Plaintiff also claims that Defendant Enix (the Huntsville High School Principal) violated K.P.'s free speech rights (Count IV) and also defamed him (Count V). Additionally, Plaintiff claims that John Doe School Board Defendants violated K.P.'s free speech rights (Count VI).

Defendants filed a Motion to Dismiss Counts III, IV, V, and VI pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 10). They argue that Plaintiff fails to state a claim

for substantive due process violations (Count III) because, in punishing K.P., the District did not act arbitrarily and capriciously but rather in accordance with its legitimate interest in school order and safety. (Doc. 11 at 4). Defendants also argue that qualified immunity protects Enix and the School Board members from damages and therefore request that Counts IV and VI be dismissed. Finally, Defendants argue that the defamation claim (Count V) against Enix should be dismissed due to qualified privilege.

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all of a complaint's factual allegations as true and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'" *Id.* In other words, while "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

## III. DISCUSSION

### A. Count III: Substantive Due Process

Substantive due process claims may be stated in two different ways. First, a plaintiff may allege that the government has infringed her fundamental liberty interests. These claims are generally limited to protecting recognized liberty interests such as "matters relating to marriage, family, procreation, and the right of bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 272 (1994). Second, the Supreme Court has also recognized substantive due process claims when government actions "shock the conscience." *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–53 (1997); *Mendoza v. U.S. ICE,* 849 F.3d 408, 420–21 (8th Cir. 2017); *Moran v. Clarke,* 296 F.3d 638, 645, 647 (8th Cir. 2002).

However, when a specific constitutional amendment provides an "explicit textual source of constitutional protections against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing those claims." *Stewart v. Wagner*, 836 F.3d 978, 983 (8th Cir. 2016) (quoting *Lewis*, 523 U.S. at 842) (quotation marks omitted). For example, a claim of arrest without probable cause, "even if labeled a claim of malicious prosecution, 'must be judged' under the Fourth Amendment, not substantive due process." *Id.* (quoting *Albright v. Oliver*, 510 U.S. 266, 270–71 & n.4 (1994)); *see also Brandenburg v. Hous. Auth. of*

4

Irvine, 253 F.3d 891, 900–01 (6th Cir. 2001) (finding a substantive due process free speech claim impermissibly duplicative of a First Amendment free speech claim).

Plaintiff fails to plead a plausible substantive due process claim. First, Plaintiff does not identify any fundamental liberty interests aside from free speech. Second, Plaintiff makes no assertion that the District's behavior shocks the conscience and provides no facts that would undergird such a claim. Finally, Plaintiff's free speech claim under substantive due process, at least as presently pleaded, is impermissibly duplicative of the First Amendment claims. Consequently, for several reasons, Plaintiff fails to state a cognizable claim of substantive due process. Therefore, Count III of the Complaint is **DISMISSED**.

### B. Counts IV and VI: Qualified Immunity

Certain government officials who are performing "discretionary functions" are immune from civil action as long as their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730 (2002) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (quotations omitted). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). When correctly applied, qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Hollingsworth v. City of St. Ann*, 800 F.3d 985, 989 (8th Cir. 2015) (citing *Taylor v. Barkes*, 135 S.Ct. 2042, 2044 (2015)) (quotation marks omitted).

5

Courts analyze two elements to determine whether qualified immunity applies: (1) whether the official violated plaintiff's constitutional rights; and (2) whether those rights were clearly established. *Saucier v. Katz*, 533 U.S. 194, 199–200 (2001). The order of operations in the courts' analysis of the elements is discretionary. *Pearson v. Callahan*, 555 U.S. 223, 236 (2011). As the Court noted during the hearing on this Motion, resolution of the "clearly established" prong of this inquiry is dispositive in this case.

To determine whether the rights were "clearly established" so that a reasonable official would have been on notice, existing precedent must place the constitutional question "beyond debate." *Hollingsworth*, 800 F.3d at 989 (citing *City & Cnty. of S.F., Cal. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015)). The Supreme Court has emphasized that courts should not "define clearly established law at a high level of generality." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam) (quotation marks omitted). Because the underlying policy issue is whether a public official is on notice, courts examine only "the cases extant at the time of the acts alleged and make a judgment of law as to what a reasonable public official would or should have known at the time." *Wright v. S. Ark. Reg'l Health Ctr., Inc.*, 800 F.2d 199, 203 (8th Cir. 1986).

The Supreme Court has provided guidance for school discipline issues implicating the First Amendment, but it has not addressed school discipline arising from alleged threats of violence outside of school-approved events, including social media postings. *See D.J.M. v. Hannibal Pub. Sch. Dist. No. 60*, 647 F.3d 754, 761 (8th Cir. 2011); *see also generally Morse v. Frederick*, 551 U.S. 393 (2007) (addressing school discipline for off-campus speech at school-sponsored events); *Tinker v. Des Moines Indep. Cmty. Sch.*

*Dist.*, 393 U.S. 503, 506, 513 (1969) (addressing school discipline for speech causing substantial disruptions).

However, lower courts have analyzed out-of-school-speech discipline cases and have developed two different complementary approaches: substantial disruption and true threat analysis. *D.J.M.*, 647 F.3d at 761. In cases applying both of these tests, the Eighth Circuit has upheld a variety of student discipline for off-campus speech. *See S.J.W. ex rel. Wilson v. Lee's Summit R–7 Sch. Dist.*, 696 F.3d 771, 777 (8th Cir. 2012) (reh'g en banc denied) (applying substantial disruption exception to off-campus social media posts); *D.J.M.*, 647 F.3d at 761–67 (applying both true threat and substantial disruption exceptions to off-campus text messages); *Doe v. Pulaski Cnty. Special Sch. Dist.*, 306 F.3d 616 (8th Cir. 2002) (applying true threat exception to off-campus writings); *see also Keefe v. Adams*, 840 F.3d 523, 531 n.6 (8th Cir. 2016) (reaffirming substantial disruption exception to off-campus social media posts). Thus, it is now well-established law within the Eighth Circuit that under certain circumstances school officials may discipline students for off-campus expressive activity without offending the First Amendment. Differently stated, there is no clearly established right for students to post images that may be threatening to a school or its members or that substantially disrupt the school environment.

The Court concludes that Principal Enix and the John Doe School Board Members are entitled to qualified immunity for the actions they took in response to K.P.'s posts. At the time of K.P.'s social media posting, school officials would not have been on notice that they were violating his clearly established rights under the First Amendment. To the

contrary, a reasonable school official would have known that, under longstanding Eighth Circuit precedent, schools could discipline students for out-of-school speech without offending the First Amendment when the speech involved school safety or a disruption to the school. Ten days after the Parkland school shootings and in light of existing law, a reasonable school official could reasonably conclude that disciplining K.P. for his conduct was permissible under extant law. Consequently, Principal Enix and the School Board Members are entitled to qualified immunity. As a result, Counts IV and VI of the Complaint will be **DISMISSED**.

### C. Count V: Defamation

To establish a claim for defamation under Arkansas law, a Plaintiff must show "(1) [that] he sustained damages, (2) that [Defendants] published a false statement concerning him, (3) that the statement of the fact was defamatory, (4) that [Defendants] acted with knowledge that the statement was false, and (5) that the publication of the statement was a proximate cause of damages." *Calvary Christian Sch., Inc. v. Huffstuttler*, 238 S.W.3d 58, 69 (Ark. 2006).

Plaintiff has not sufficiently alleged a plausible claim of defamation. Plaintiff does not plead sufficient facts from which the Court can infer that Defendant Enix made a false statement of fact. Plaintiff makes broad, conclusory statements and points to only one specific instance in which she alleges Defendant Enix defamed K.P. Indeed, she hangs the defamation claim exclusively on Principal Enix's letter to Plaintiff in which she informs Plaintiff that K.P. had been suspended "because of terroristic threatening of school shooting posts on social media . . ." (Doc 1., ¶19). However, nowhere in the Complaint

8

does Plaintiff allege that this was not the reason for the suspension, which would be necessary for this to qualify as a false statement. Consequently, the defamation claim is insufficiently pleaded and will be **DISMISSED**.[1]

There are two final matters before the Court. First, Principal Enix and the John Doe School Board Members appear as Defendants only in Counts IV, V, and VI of the Complaint. Because the Court has dismissed these counts by this Opinion and Order, these Defendants are also entitled to be, and hereby are, **DISMISSED** from this action. Relatedly, Plaintiff has now learned through discovery the identity of the School Board Members identified only as John Doe Defendants in Count VI. Plaintiff therefore filed a Motion for Leave to Amend (Doc. 20) to substitute their real names for the John Doe designations. However, as Count VI, the only Count in which they appear, has been dismissed, the Motion for Leave to Amend (Doc. 20) is **MOOT**.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 10) is **GRANTED** as follows: Counts III, IV, V, and VI are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendants Roxanne Enix and John Does 1-10 are **DISMISSED** from this case, and the Clerk is directed to update the docket sheet to reflect their dismissal from this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend (Doc. 20) is **MOOT**.

---

[1] Because the defamation claim is insufficiently pleaded, the Court need not reach the question of whether qualified privilege applies.

**IT IS SO ORDERED** on this 12th day of October, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE